**Kirk DAVIS, Plaintiff,**

v.

**VILLAGE OF CALUMET PARK, et al., Defendants.**

No. 88C8499.

United States District Court, N.D. Illinois, E.D.

June 1, 1990.

Norman J. Barry, Jr., Thomas W. Cushing, Baker & MacKenzie, Chicago, Ill., for plaintiff.

Thomas J. Platt, Kurnik, Ciporra, Stephenson & Banashe, Ltd., Arlington Heights, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

█ At the end of the trial in this case brought under 42 U.S.C. § 1983 ("Section 1983"), the jury returned a verdict in favor of plaintiff Kirk Davis ("Davis") on only a portion of his Section 1983 claims—that charging the individual defendants (Gregory Jones, Glenn Runge and John Theis)

with the unconstitutional denial of Davis' access to adequate medical care. For that injury the jury returned a verdict in Davis' favor for $1 in compensatory damages and an aggregate of $1,500 in punitive damages, and this Court entered judgment on that verdict. Now the individual defendants have filed a motion for judgment notwithstanding the verdict under Fed.R. Civ.P. ("Rule") 50(b). Little discussion is required to explain why that motion must be denied.

Just as defendants' counsel did during the course of argument on his motions for directed verdict and as he continued to assert during the jury instruction conference, he once again urges this Court to disregard the express language employed by our Court of Appeals in *Matzker v. Herr,* 748 F.2d 1142, 1147 n. 3 (7th Cir. 1984). In the text to which that footnote relates, *Matzker* stated the operative rule of law in this way (citing *Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979)):

> Accordingly, a pretrial detainee's due process right to be free from punishment is violated when a jailer fails to promptly and reasonably procure competent medical aid for a pretrial detainee who suffers a serious illness or injury while confined.

And the court went on to explain that rule further in footnote 3 (emphasis added):

> We emphasize "serious" because we do not hold that minor injuries must receive hospital care to satisfy the due process clause. We limit our holding to *injuries* which are serious or *which the jail authorities have reason to suspect may be serious.*

 It takes only a moment's thought to understand the reason for the just-emphasized alternative. For Section 1983 purposes the standard by which official conduct must be measured is an objective rather than subjective one (that lesson is taught most directly in the qualified immunity context—see *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). And where a constitutional claim of the type at issue here is involved, the seminal decision in *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) speaks of the relevant Eighth Amendment standard[1] in terms of "deliberate indifference" to medical needs.

Little wonder, then, that our Court of Appeals has quite sensibly stated the objective test of that level of deliberate indifference in terms of what is known to *or* reasonably believed by the public official when he or she fails to act—and that means the prisoner's *apparent* as well as actual needs. And if the public official is deliberately indifferent in the face of such *apparent* need, the *actual* gravity or lack of gravity of the prisoner's medical condition (something that is learned only after the official has failed to respond as the Constitution demands) can fairly be reflected by the jury in its evaluation of the damages to be awarded to the plaintiff. That was quite obviously what the jury did here.

Because this Court continues to believe itself bound by what the Court of Appeals said in *Matzker,* it must deny defendants' Rule 50(b) motion for judgment n.o.v.—and it does so. If defendants seek to have *Matzker* overturned, they should address their arguments to the Court of Appeals.

---

1. As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the Eighth Amendment's underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).